PETER FREES, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11307.   Promulgated June 21, 1928.

*George Ludwig, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

738

**OPINION.**

ARUNDELL: The respondent does not deny that a loss was sustained and admits that the money embezzled by the two employees of the petitioner belonged to the Liberty Loan committee, for whose account the funds had been collected.

It is apparent that since the money misappropriated belonged to the Liberty Loan committee, the petitioner did not suffer any loss at the time of the wrongdoing but only at the time he was required to make good any difference between collections made from subscribers and remittances to the committee. See *Israel T. Deyo*, 9 B. T. A. 900.

Upon the filing of the claim against him by the committee for a shortage in his accounts, the petitioner denied liability, presumably under the theory that he had exercised all the care required of him as a collecting agent. The exact amount of the shortage was not only unknown at that time but had not been determined when the claim was compromised and settled in 1920 for $1,250.

No loss was sustained by the petitioner until 1920 and the respondent erred in disallowing the item as a deduction in that year.

As to the fee of $100 paid by the petitioner in 1920 to counsel for representing him in connection with the claim, it appears that while counsel performed some service in 1919, he did not render a bill for his charges until 1920, and there is no liability for the petitioner to accrue on his books or pay in 1919.

*Judgment will be entered for the petitioner.*